E-FILED
Friday, 13 December, 2019 02:43:32 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RONALD KNEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 19-cv-3234-JBM |
| | ) | |
| PAUL GANN and ANGELA SPRING, | ) | |
| | ) | |
| Defendants. | ) | |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, pursues a § 1983 claim against Mason County Sheriff Paul Gann and Jail Officer Angela Spring. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On October 4, 2018, Plaintiff was a pretrial detainee in the custody of the Mason County Jail ("Jail"). On the day in question, Plaintiff was in a Jail transport van being taken to the OSF Medical Center for an appointment. Plaintiff claims that the sole transport officer, Defendant Spring, failed to secure him with a seatbelt. Plaintiff indicates that during the ride, Defendant Spring had to slam on the brakes to avoid an accident. Plaintiff was thrust forward, hitting his

head on the cage of the vehicle. Plaintiff claims that he suffered an injury to his back and neck with residual headaches, dizziness, and neck and back pain.

While Plaintiff has filed his complaint under § 1983, he does not allege that Defendant Spring acted with deliberate indifference. Rather, he claims that Defendant Spring breached the applicable duty of care when she negligently failed to secure him with a seatbelt. As to Defendant Sheriff Gann, Plaintiff names him in the caption, but plead no allegations against him in the body of the complaint.

## OBJECTIVE REASONABLENESS STANDARD

As Plaintiff was a pretrial detainee, his claim arises under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17 (2nd Cir. 2017). A different standard applies as, while convicted prisoners may be subjected to punishment short of cruel and unusual, pretrial detainees may not be punished at all. *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482, at *9 (7th Cir. 2018). Under the Fourteenth Amendment standard, a detainee need only establish that defendant's conduct was objectively unreasonable, that Defendants "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2nd Cir. 2017). This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda*, 2018 WL 3796482 at *12.

As noted, Plaintiff alleges only a negligence claim against Defendant Spring, that she breached the applicable duty of care when she failed to secure him with a seatbelt. Mere negligence in the treatment of a detainee, however, is not sufficient to sustain a constitutional violation. *Id.* at *12. In addition, it has been recognized that prisoners do not have "a

constitutional right to being secured while in transit." *Fluker v. County of Kankakee*, 945 F. Supp. 2d 972, 988 (C.D. Ill. 2013), *aff'd,* 741 F.3d 787 (7th Cir. 2013) (denying claim by unrestrained detainee injured during transport). *See also, Dale v. Agresta*, 771 Fed. Appx. 659, 661 (7th Cir. 2019), *reh'g denied* (Aug. 21, 2019). "Neither the Supreme Court nor this court has ruled that transporting an inmate without a seatbelt creates an intolerable risk of harm..."

As a result, Plaintiff fails to state a cognizable constitutional claim against Defendant Spring. Plaintiff is advised, however, that he is not precluded from asserting a negligence claim in a state court proceeding, should he wish.

As noted, Plaintiff has also named Sheriff Gann but pleads no claims against him. Section 1983 liability is predicated on fault and a defendant will not be held liable unless he was "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir. 2001)). While a supervisor may be liable for the actions of subordinates, this is only if he knew of the unconstitutional conduct and "facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye for fear of what [he] might see." *T.E. v. Grindle,* 599 F.3d 583, 588 (7th Cir.2010) (quoting *Jones v. City of Chicago,* 856 F.2d 985, 992 (7th Cir.1988)). Plaintiff offers no such evidence here.

While Plaintiff might otherwise be allowed to replead to allege personal participation by Defendant Gann, this would provide Plaintiff no relief. This is so as, even if Plaintiff alleged Defendant Gann's personal participation in the alleged conduct, the conduct fails to rise to the level of a constitutional violation. *Fluker*, 945 F. Supp. 2d at 988; *Dale*, 771 Fed. Appx. at 661.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed with prejudice for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the complaint would be futile because the complained-of conduct, as alleged, does not violate the Constitution. This case is therefore closed, and all pending matters are VACATED. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) Plaintiff is required to pay the full docketing fee even though his case has been dismissed. Plaintiff is not currently proceeding *in forma pauperis*, as his petition was denied by the Court for his failure to fully disclose his income. Plaintiff subsequently filed a response [9], offering to pay fifty dollars per month until the $400 filing fee is paid in full. The Court believes, however, that with $1,795.00 income in the past six months, Plaintiff has the resources to make a monthly payment of $100. The agency having custody of Plaintiff is hereby ordered to debit Plaintiff's account $100 per month for his monthly payments toward the $400 fee. The Clerk is directed to mail a copy of this order to Plaintiff's place of confinement, to the attention of the Trust Fund Office.

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

12/13/2019
ENTERED

s/Joe Billy McDade
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE